UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-23324-CMA

RODRICK LONG,

      *Plaintiff*,

v.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN
CRUISE LINE,

      *Defendant*.
_____/

## **DEFENDANT'S ANSWER AND AFFIRUMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

      Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE ("NCL"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint and Demand for Jury Trial [ECF No. 48], and in support thereof, states as follows:

### **THE PARTIES AND JURISDICTION**

1.     Admitted Plaintiff claims damages exceeding $75,000. All else is denied.

2.     Without sufficient knowledge, therefore, denied.

3.     Admitted that Plaintiff was a paying passenger onboard the NCL *Sky* on the date of the subject incident and that NCL operates the *Sky*. All else is denied.

4.     Admitted for the purpose of this litigation only that NCL is incorporated in Bermuda and maintains its principal place of business in Miami, Florida. All else is denied.

5.     Admitted Plaintiff claims damages exceeding $75,000. Without sufficient knowledge to admit or deny allegations concerning Plaintiff's citizenship. All else is denied.

6.     Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §1333. All else is denied.

7.     Admitted that NCL's Passenger Ticket Contract contains a forum selection provision that requires Plaintiff file this lawsuit in this Court. All else is denied.

8.     Admitted for the purpose of this litigation only that this Court has personal jurisdiction over

NCL. All else is denied.

9. Without sufficient knowledge; therefore, denied.

## FACTUAL ALLEGATIONS

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted that NCL advertises and sells tickets to its guests for shore excursions that are owned, operated, managed, and controlled by independent contractors. All else is denied.

17. Admitted.

18. Admitted that NCL advertises and sells tickets for shore excursions to its guests, which are owned, operated, managed, and controlled by independent contractors. One of such excursions is the "Wave Runner Tour," which is owned, operated, managed, and controlled by ICOR Ltd. ("ICOR") in Great Stirrup Cay, Bahamas and was available to passengers to purchase onboard the *Sky*. All else is denied.

19. Admitted that NCL sold Plaintiff the ticket for the "Wave Runner Tour" and that NCL collected the fee for the ticket. All else is denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted that ICOR's tour guides provided a safety briefing, instructions that included the topics stated in this paragraph, assigned numbers to participants, and considered the participants' level of experience for purposes of group assignment. All else is denied.

26. Admitted that individuals who are drinking or exhibit signs of alcohol consumption are not permitted to participate in the tour. For passengers who are turned away, ICOR provides the option of submission to a breathalyzer exam. If the participant passes the exam he/she may be allowed to participate. All else is denied, including the implied allegation that any Jet Ski operator

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

was under the influence of alcohol.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that the subject Jet Skis did not have the features listed here. All else is denied, including the allegation that any of those features would have prevented the subject incident.

31. Admitted the participants were assigned numbers before the excursion commenced and that Plaintiff's wife drove the Jet Ski that Plaintiff rode as a passenger. All else is denied

32. Admitted that the Jet Ski driven by another passenger made contact with the Jet Ski that Plaintiff occupied and that he fell in the water thereafter. All else is denied.

33. Denied.

34. Admitted that Plaintiff went to the medical center onboard the *Sky* on March 23 and 24, 2019. All else is denied.

35. Denied.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Admitted that NCL markets and sells tickets for the subject shore excursion. All else is denied.

41. Without sufficient knowledge; therefore, denied.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT, NCL

Defendant, NCL, re-adopts and re-alleges by reference its responses to the allegations set forth in Paragraphs 1 through 41 and further responds:

42. Denied as an incomplete statement of law.

43. Admitted that NCL advertised, marketed, and sold tickets for the subject shore excursion. All else is denied.

44. Denied, including all subparts.

45. Denied.

46. Denied, including al subparts.

47. Denied, including al subparts.

48. Denied.

WHEREFORE, Defendant, NCL respectfully requests this Honorable Court to dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## COUNT II
## NEGLIGNENT SELECTION AND RETENTION OF
## TOUR OPERATOR AGAINST DEFENDANT, NCL

Defendant, NCL, re-adopts and re-alleges by reference its responses to the allegations set forth in Paragraphs 1 through 41 and further responds:

49. Denied as an incomplete statement of law.

50. Denied, including all subparts.

51. Denied, including all subparts.

52. Denied.

53. Denied.

54. Denied.

WHEREFORE, Defendant, NCL, respectfully requests this Honorable Court to dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As separate, complete, and affirmative defenses to Plaintiff's Complaint [ECF No. 48] and each of its purported causes of action, based upon information and belief, NCL states as follows:

1. NCL alleges that Plaintiff's Third Amended Complaint fails to state a cause of action for which relief may be granted, and should be dismissed with prejudice.

2. NCL alleges that Plaintiff's injuries were caused either in whole or in part by his own acts of negligence, including but not limited to failure to exercise reasonable care for his own safety, and any award should be reduced accordingly by the principles of comparative fault.

3. NCL alleges that Plaintiff's own acts of negligence amount to a superseding cause that cuts off any causal connection between NCL's alleged negligence and Plaintiff's injuries. Alternatively, NCL alleges that Plaintiff's damages were caused either in whole or in part by the

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

acts and/or omissions of third persons for whom NCL is not responsible and that amount to a superseding cause that cuts off any causal connection between NCL's alleged negligence and Plaintiff's injuries.

4.  NCL alleges that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of NCL and any such injuries are unrelated to the incident at issue and as such, Plaintiff is unable to recover from NCL.

5.  NCL alleges that no dangerous condition existed that caused or contributed to Plaintiff's alleged incident. Alternatively, if a dangerous condition did exist, NCL alleges the Plaintiff failed to observe an open and obvious condition, and it was the negligence of the Plaintiff in failing to use his own senses, which gave rise to the alleged accident and any alleged injury arising there from, and therefore Plaintiff cannot recover for the alleged accident.

6.  NCL alleges that Plaintiff's claim fails as (a) NCL had no actual or constructive notice of any dangerous condition or hazard; (b) that the alleged hazard or dangerous condition was not dangerous and in any event that it could be considered dangerous, did not exist for a sufficient length of time to permit NCL to discover it; (c) NCL did not create the alleged dangerous or defective condition; (d) that the alleged dangerous condition was not reasonably foreseeable to NCL; (e) NCL did not own, operate, maintain and/or control the area in which such a condition existed; and/or (f) NCL alleges that no dangerous condition existed that caused Plaintiff's accident.

7.  NCL alleges that Plaintiff's passage was subject to the terms of NCL's Passenger Ticket Contract and that Plaintiff's action is precluded by the limitations, disclaimers, terms and conditions contained therein including any alleged injury caused by Plaintiff's activities participating in shore excursions operated and controlled by independent contractor. NCL adopts and incorporates the entirety of the Passenger Ticket Contract in this Answer by reference.

8.  NCL alleges that Plaintiff expressly and/or impliedly assumed the risk involved in the alleged condition, knew or should have known of the danger complained of in the Third Amended Complaint, realized and appreciated the possibility of injury as a result of the dangers, and having reasonable opportunity to avoid them, voluntarily exposed himself to the dangers, and therefore NCL is not liable for her injuries and alleged damages.

9.  NCL alleges that the injuries alleged by Plaintiff in his Third Amended Complaint were either not caused by NCL, and/or were pre-existing (or would have ensued in the natural

5

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

progression of her preexisting conditions), and therefore Plaintiff cannot recover any damages from NCL. Alternatively, if the Plaintiff were injured as alleged, such injuries extend only to an aggravation of the pre-existing condition.

10. NCL alleges that the damages allegedly suffered by Plaintiff were not caused by any act or omission to act on the part of NCL and were caused by other trauma suffered by Plaintiff in his lifetime wholly unrelated to Defendant.

11. NCL alleges that Plaintiff failed to mitigate his damages, or alternatively, Plaintiff mitigated his damages, and therefore, any damages award should be reduced accordingly.

12. NCL alleges that Plaintiff is not entitled to introduce evidence of medical bills that were discounted. Evidence relating to medical bills that were "written off" is inadmissible. Plaintiff is not entitled to any windfall type recovery based on the difference between what was billed and what was actually paid by him or by an insurer.

13. NCL alleges that the alleged tort occurred under circumstances within the scope of federal maritime law, and the general maritime law of the United States applies to the instant matter, to the exclusion of state law.

14. NCL alleges there was no breach of a duty to warn Plaintiff and that it never guaranteed the safety of Plaintiff during the subject shore excursion or the suitability of said excursion. To the extend a duty to warn existed, the duty was fulfilled through different means, including a Personal Watercraft (Waverunner) Express Assumption of Risk-Waiver of Release and Liability which NCL invokes to disclaim any and all liability.

15. NCL alleges that it did not own, operate, manage and/or control the subject shore excursion used in the subject shore excursion described in Plaintiff's Third Amended Complaint. The subject shore excursion was owned, operated, managed and controlled by an independent contractor, who is not a NCL's agent, joint venturer, nor is an employee and/or representative of NCL. As such, NCL is not liable for any alleged incident or harm sustained by the Plaintiff that occurred off the *Sky* or as a result of any acts, omissions, or negligence of such an independent contractor.

16. NCL alleges that Plaintiff does not have a cause of action for negligent selection and retention of the tour operator, which was an independent contractor. NCL fulfilled the duty it may have had with respect to selection and retention, which requires it make a general inquiry

into the general reputation and safety record of the subject tour operator and the subject excursion.

*NCL reserves the right to amend and/or supplement these affirmative defenses as discovery is ongoing.*

WHEREFORE, Defendant, NCL, respectfully requests this Honorable Court to dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Carlos J. Chardon*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price
Florida Bar No. 1001044
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/  Carlos J. Chardon*
Carlos J. Chardon, Esq.

CASE NO.: 1:19-cv-23324-CMA

## SERVICE LIST

*Attorney for Plaintiff*

Spencer M. Aronfeld, Esq.
aronfeld@aronfeld.com
Abby Hernadez Ivey, Esq.
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Miami, Florida 33134
Telephone.: (305) 441-0440
Facsimilie: (305) 441-0198

*Attorneys for Defendant*

Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
sprice@hamiltonmillerlaw.com
 HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690